IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

PAUL MALONE                              §
(TDCJ No. 1823746),                      §
                                         §
            Petitioner,                  §
                                         §
V.                                       §        No. 3:16-cv-3447-B-BN
                                         §
LORIE DAVIS, Director                    §
Texas Department of Criminal Justice,    §
Correctional Institutions Division,      §
                                         §
            Respondent.                  §

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the undersigned United States magistrate judge
for pretrial management pursuant to 28 U.S.C. § 636(b) and a standing order of
reference from United States District Judge Jane J. Boyle. The undersigned issues the
following findings of fact, conclusions of law, and recommendation that the Court
should deny Petitioner Paul Malone's motion for leave to proceed *in forma pauperis*
("IFP") [Dkt. No. 5].

**Applicable Background**

Petitioner, a state prisoner, has filed this action under 28 U.S.C. § 2254,
attacking his state conviction for aggravated assault with a deadly weapon. *See State
v. Malone*, F12-13564-H (Crim. Dist. Ct. No. 1, Dallas Cty., Tex.), *aff'd, Malone v. State*,
No. 05-12-01415-CR, 2014 WL 2743245 (Tex. App. – Dallas June 16, 2014, pet. ref'd).

A verified inmate trust account certification attached to Petitioner's IFP motion

reflects that, on December 13, 2016, his account balance was $34.48, but the average amount deposited monthly into his account over the past six months was $133.17. *See* Dkt. No. 5 at 3. Thus, as the trust account certification reflects, over the past six months, $799.02 has been deposited into Petitioner's account. *See id.*; *see also id.* at 1 (stating that he receives a "Veteran Administration [benefit of] $133.37 per month").

## Legal Standards and Analysis

28 U.S.C. § 1915(a) sets forth the standards governing *in forma pauperis* motions. The district court may authorize the commencement of a civil action without the prepayment of fees or costs "by a person who submits an affidavit ... that [he or she] is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). The Court must examine the financial condition of the applicant in order to determine whether the payment of fees would "cause [an] undue financial hardship." *Prows v. Kastner*, 842 F.2d 138, 140 (5th Cir. 1988). The amount of money available to inmates in their prison trust account or from other sources should be considered. *See id.*; *Simon v. Quarterman*, No. 3:07-cv-1793-D, 2007 WL 4167943, at *1 (N.D. Tex. Nov. 20, 2007).

Considering that the filing fee for a habeas case is $5.00, *see* 28 U.S.C. § 1914(a), although Petitioner is incarcerated, and although the balance in his account was $34.47 on December 13, 2016, the financial picture he presents – as set out above – reflects that Petitioner can afford to pay the applicable filing fee without incurring undue financial hardship. *Cf.* N.D. TEX. MISC. ORDER NO. 6, Rule 2a(4)(a)(ii) (May 5, 2005) (this Court routinely grants leave to proceed *in forma pauperis* if "the average

six month balance of [an] inmate['s] trust account and other financial resources are less than Fifty Dollars").

## Recommendation

Petitioner's IFP application [Dkt. No. 5] should be denied, and he should be ordered to pay the $5.00 filing fee within 21 days of any order accepting this recommendation.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: December 20, 2016

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE

-3-