IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| PAUL MALONE § | | |
| (TDCJ No. 01823746), § | | |
| § | | |
| Petitioner, § | | |
| § | | |
| V. § | No. 3:16-cv-3447-B-BN | |
| § | | |
| LORIE DAVIS, Director § | | |
| Texas Department of Criminal Justice, § | | |
| Correctional Institutions Division, § | | |
| § | | |
| Respondent. § | | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
<u>UNITED STATES MAGISTRATE JUDGE</u>**

Petitioner Paul Malone, a Texas inmate, has filed a *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2254. *See* Dkt. Nos. 3 & 4. This resulting action has been referred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference from United States District Judge Jane J. Boyle. The State filed a response opposing relief. *See* Dkt. No. 20. And Malone has filed a reply brief. *See* Dkt. No. 39. For the reasons explained below, the Court should deny Malone's habeas petition.

**Applicable Background**

Malone "pleaded guilty before a jury to aggravated assault with a deadly weapon, causing serious bodily injury and involving family violence." *Malone v. State*, No. 05-12-01415-CR, 2014 WL 2743245, at * 1 (Tex. App. – Dallas June 16, 2014, pet ref'd). "After finding [Malone] guilty, the jury assessed punishment at forty-five years'

imprisonment and a $10,000 fine." *Id.* Malone's conviction and sentence were affirmed on direct appeal. *See id.* And the Texas Court of Criminal Appeals (the "CCA") refused discretionary review. *See Malone v. State*, PD-0844-14 (Tex. Crim. App. Nov. 19, 2014).

Malone filed a state application for a writ of habeas corpus. The CCA denied it without a written order on the trial court's findings without a hearing. *See Ex parte Malone*, WR-84,400-01 (Tex. Crim. App. Sep. 14, 2016).

Malone now seeks federal habeas relief. He claims that he received ineffective assistance from his trial and appellate lawyers.

## Legal Standards

Where a state court has already rejected a claim on the merits, a federal court may grant habeas relief on that claim only if the state court adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

A state court adjudication on direct appeal is due the same deference under Section 2254(d) as an adjudication in a state post-conviction proceeding. *See, e.g.*, *Dowthitt v. Johnson*, 230 F.3d 733, 756-57 (5th Cir. 2000) (a finding made by the CCA on direct appeal was an "issue ... adjudicated on the merits in state proceedings," to be "examine[d] ... with the deference demanded by [the Antiterrorism and Effective Death Penalty Act of 1996 (the "AEDPA")]" under "28 U.S.C. § 2254(d)").

A state court decision is "contrary" to clearly established federal law if "it relies on legal rules that directly conflict with prior holdings of the Supreme Court or if it reaches a different conclusion than the Supreme Court on materially indistinguishable facts." *Busby v. Dretke*, 359 F.3d 708, 713 (5th Cir. 2004); *see also Lopez v. Smith*, 574 U.S. ___, 135 S. Ct. 1, 2 (2014) (per curiam) ("We have emphasized, time and time again, that the AEDPA prohibits the federal courts of appeals from relying on their own precedent to conclude that a particular constitutional principle is 'clearly established.'" (citation omitted)).

A decision constitutes an "unreasonable application" of clearly established federal law if "the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Williams v. Taylor*, 529 U.S. 362, 413 (2000); *see also Pierre v. Vannoy*, 891 F.3d 224, 227 (5th Cir. 2018) (a petitioner's lack of "Supreme Court precedent to support" a ground for habeas relief "ends [his] case" as to that ground).

"For purposes of § 2254(d)(1), an unreasonable application of federal law is different from an incorrect application of federal law.... A state court's determination that a claim lacks merit precludes federal habeas relief so long as fairminded jurists could disagree on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011) (citations and internal quotation marks omitted). "Under § 2254(d), a habeas court must determine what arguments or theories supported or ... could have supported, the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are

-3-

inconsistent with the holding in a prior decision of [the Supreme] Court." *Id.* at 102 (internal quotation marks omitted); *see Evans v. Davis*, 875 F.3d 210, 216 (5th Cir. 2017) (recognizing that Section 2254(d) tasks courts "with considering not only the arguments and theories the state habeas court actually relied upon to reach its ultimate decision but also all the arguments and theories it could have relied upon" (citation omitted)).

The Supreme Court has further explained that "[e]valuating whether a rule application was unreasonable requires considering the rule's specificity. The more general the rule, the more leeway courts have in reaching outcomes in case-by-case determinations." *Richter*, 562 U.S. at 101 (internal quotation marks omitted). And "even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Id.* at 102. The Supreme Court has explained that, "[i]f this standard is difficult to meet, that is because it was meant to be," where, "[a]s amended by AEDPA, § 2254(d) stops short of imposing a complete bar on federal court relitigation of claims already rejected in state proceedings," but "[i]t preserves authority to issue the writ in cases where there is no possibility fairminded jurists could disagree that the state court's decision conflicts with this Court's precedents," and "[i]t goes no further." *Id.* Thus, "[a]s a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id.* at 103; *accord Burt v. Titlow*, 571 U.S. 12, 20 (2013) ("If this standard is difficult to

meet – and it is – that is because it was meant to be. We will not lightly conclude that a State's criminal justice system has experienced the extreme malfunction for which federal habeas relief is the remedy." (internal quotation marks, brackets, and citations omitted)).

As to Section 2254(d)(2)'s requirement that a petitioner show that the state court adjudication "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding," the Supreme Court has explained that "a state-court factual determination is not unreasonable merely because the federal habeas court would have reached a different conclusion in the first instance" and that federal habeas relief is precluded even where the state court's factual determination is debatable. *Wood v. Allen*, 558 U.S. 290, 301, 303 (2010). Under this standard, "it is not enough to show that a state court's decision was incorrect or erroneous. Rather, a petitioner must show that the decision was objectively unreasonable, a substantially higher threshold requiring the petitioner to show that a reasonable factfinder must conclude that the state court's determination of the facts was unreasonable." *Batchelor v. Cain*, 682 F.3d 400, 405 (5th Cir. 2012) (brackets and internal quotation marks omitted).

The Court must presume that a state court's factual determinations are correct and can find those factual findings unreasonable only where the petitioner "rebut[s] the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1); *Gardner v. Johnson*, 247 F.3d 551, 560 (5th Cir. 2001). This presumption applies not only to explicit findings of fact but also "to those unarticulated findings which are

necessary to the state court's conclusions of mixed law and fact." *Valdez v. Cockrell*, 274 F.3d 941, 948 n.11 (5th Cir. 2001); *see also Richter*, 562 U.S. at 98 ("[D]etermining whether a state court's decision resulted from an unreasonable legal or factual conclusion does not require that there be an opinion from the state court explaining the state court's reasoning."); *Pondexter v. Dretke*, 346 F.3d 142, 148 (5th Cir. 2003) ("a federal habeas court is authorized by Section 2254(d) to review only a state court's 'decision,' and not the written opinion explaining that decision" (quoting *Neal v. Puckett*, 286 F.3d 230, 246 (5th Cir. 2002) (en banc) (per curiam))); *cf. Evans*, 875 F.3d at 216 n.4 (even where "[t]he state habeas court's analysis [is] far from thorough," a federal court "may not review [that] decision de novo simply because [it finds the state court's] written opinion 'unsatisfactory'" (quoting *Neal*, 286 F.3d at 246)).

Section 2254 thus creates a "highly deferential standard for evaluating state court rulings, which demands that state-court decisions be given the benefit of the doubt." *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002). To overcome this standard, a petitioner must show that "there was no reasonable basis for the state court to deny relief." *Richter*, 562 U.S. at 98. That is, a petitioner must, in sum, "show, based on the state-court record alone, that any argument or theory the state habeas court could have relied on to deny [him] relief would have either been contrary to or an unreasonable application of clearly established federal law as determined by the Supreme Court." *Evans*, 875 F.3d at 217.

**Analysis**

I.  Ineffective Assistance of Trial Counsel [Ground 1]

The Court reviews Sixth Amendment claims concerning the alleged ineffective assistance of counsel ("IAC") under the two-prong test established in *Strickland v. Washington*, 466 U.S. 668 (1984). Under *Strickland*, a habeas petitioner must demonstrate that the performance of his attorney fell below an objective standard of reasonableness, *see* 466 U.S. at 687-88. To be cognizable under *Strickland*, trial counsel's error must be "so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* at 687; *see also Buck v. Davis*, 580 U.S. ___, 137 S. Ct. 759, 775 (2017) (reaffirming that "[i]t is only when the lawyer's errors were 'so serious that counsel was not functioning as the "counsel" guaranteed ... by the Sixth Amendment' that *Strickland*'s first prong is satisfied" (citation omitted)).

The petitioner also must prove that he was prejudiced by his attorney's substandard performance. *See Strickland*, 466 U.S. at 687, 692. "This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Id.* at 687.

> [B]ecause of the risk that hindsight bias will cloud a court's review of counsel's trial strategy, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy."

*Feldman v. Thaler*, 695 F.3d 372, 378 (5th Cir. 2012) (quoting *Strickland*, 466 U.S. at

689).

"A conscious and informed decision on trial tactics and strategy cannot be the basis for constitutionally ineffective assistance of counsel unless it is so ill chosen that it permeates the entire trial with obvious unfairness." *Cotton v. Cockrell*, 343 F.3d 746, 752-53 (5th Cir. 2003). Moreover,"[j]ust as there is no expectation that competent counsel will be a flawless strategist or tactician, an attorney may not be faulted for a reasonable miscalculation or lack of foresight or for failing to prepare for what appear to be remote possibilities." *Richter*, 562 U.S. at 110. "The Supreme Court has admonished courts reviewing a state court's denial of habeas relief under AEDPA that they are required not simply to give [the] attorney's the benefit of the doubt, ... but to affirmatively entertain the range of possible reasons [petitioner's] counsel may have had for proceeding as they did." *Clark v. Thaler*, 673 F.3d 410, 421 (5th Cir. 2012) (internal quotation marks omitted).

Therefore, on habeas review under AEDPA, "if there is any 'reasonable argument that counsel satisfied *Strickland*'s deferential standard,' the state court's denial must be upheld." *Rhoades v. Davis*, 852 F.3d 422, 432 (5th Cir. 2017) (quoting *Richter*, 562 U.S. at 105).

To demonstrate prejudice, a habeas petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. Thus, "the question is not whether a court can be certain counsel's performance had no effect

on the outcome or whether it is possible a reasonable doubt might have been established if counsel acted differently." *Richter*, 562 U.S. at 111. "Instead, *Strickland* asks whether it is 'reasonably likely' the result would have been different," which "does not require a showing that counsel's actions 'more likely than not altered the outcome,' but the difference between *Strickland*'s prejudice standard and a more-probable-than-not standard is slight and matters 'only in the rarest case." *Id.* at 111-12 (quoting *Strickland*, 466 U.S. at 693, 696, 697). "The likelihood of a different result must be substantial, not just conceivable." *Richter*, 562 U.S. at 112.

IAC claims are considered mixed questions of law and fact and are therefore analyzed under the "unreasonable application" standard of 28 U.S.C. § 2254(d)(1). *See Gregory v. Thaler*, 601 F.3d 347, 351 (5th Cir. 2010). Where the state court adjudicated ineffective-assistance claims on the merits, this Court must review a habeas petitioner's claims under the "doubly deferential" standards of both *Strickland* and Section 2254(d). *Cullen v. Pinholster*, 563 U.S. 170, 190, 202 (2011); *see also Rhoades*, 852 F.3d at 434 ("Our federal habeas review of a state court's denial of an ineffective-assistance-of-counsel claim is 'doubly deferential' because we take a highly deferential look at counsel's performance through the deferential lens of § 2254(d)." (citation omitted)).

In such cases, the "pivotal question" for this Court is not "whether defense counsel's performance fell below *Strickland*'s standard"; it is "whether the state court's application of the *Strickland* standard was unreasonable." *Richter*, 562 U.S. at 101; *see also id.* at 105 ("Establishing that a state court's application of *Strickland* was

unreasonable under § 2254(d) is all the more difficult. The standards created by *Strickland* and § 2254(d) are both 'highly deferential,' and when the two apply in tandem, review is 'doubly' so." (internal quotation marks and citations omitted)).

In other words, AEDPA does not permit a *de novo* review of state counsel's conduct in these claims under *Strickland*. *See id.* at 101-02. Instead, on federal habeas review of a claim that was fully adjudicated in state court, the state court's determination is granted "a deference and latitude that are not in operation when the case involves review under the *Strickland* standard itself." *Id.* at 101; *see also Woods v. Etherton*, 578 U.S. ___, 136 S. Ct. 1149, 1151 (2016) (per curiam) (explaining that federal habeas review of ineffective-assistance-of-counsel claims is "doubly deferential" "because counsel is 'strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment'"; therefore, "federal courts are to afford 'both the state court and the defense attorney the benefit of the doubt'" (quoting *Burt*, 571 U.S. at 22, 15)); *see also Johnson v. Sec'y, DOC*, 643 F.3d 907, 910-11 (11th Cir. 2011) ("Double deference is doubly difficult for a petitioner to overcome, and it will be a rare case in which an ineffective assistance of counsel claim that was denied on the merits in state court is found to merit relief in a federal habeas proceeding.").

Malone asserts that his trial lawyer advised him, wrongly, that temporary insanity is not a legal defense to aggravated assault. *See* Dkt. No. 4 at 3 ("my attorney assured me that temporary insanity was not a legal defense to the crime"). And Malone argues that counsel's erroneous advice rendered his guilty plea unknowing and

involuntary. *See* Dkt. No. 4 at 6.

A guilty plea is valid only if entered voluntarily, knowingly, and intelligently, "with sufficient awareness of the relevant circumstances and likely consequences." *Bradshaw v. Stumpf*, 545 U.S. 175, 183 (2005). A plea is intelligently made when the defendant has "real notice of the true nature of the charge against him." *Bousley v. United States*, 523 U.S. 614, 618 (1998) (internal quotation marks omitted). And a plea is "voluntary" if it does not result from force, threats, improper promises, misrepresentations, or coercion. *See United States v. Amaya*, 111 F.3d 386, 389 (5th Cir. 1997).

The United States Court of Appeals for the Fifth Circuit has identified three core concerns in a guilty plea proceeding: (1) the absence of coercion; (2) the defendant's full understanding of the charges; and (3) the defendant's realistic appreciation of the consequences of the plea. *See United States v. Gracia*, 983 F.2d 625, 627-28 (5th Cir. 1993). These core concerns are addressed by the admonishments contained in article 26.13 of the Texas Code of Criminal Procedure. *See, e.g.*, *Ojena v. Thaler*, No. 3:10-cv-2601-P-BD, 2011 WL 4048514, at *1 & n.1 (N.D. Tex. Aug. 25, 2011), *rec. adopted*, 2011 WL 4056162 (N.D. Tex. Sept. 12, 2011). "Nonetheless, the issue of whether the state trial court followed the statute is nondispositive. Instead, a guilty plea will be upheld on habeas review if it is entered into knowingly, voluntarily and intelligently." *Dominguez v. Director, TDCJ-CID*, No. 6:14cv49, 2014 WL 2880492, at *3 (E.D. Tex. June 23, 2014) (citing *Montoya v. Johnson*, 226 F.3d 399, 405 (5th Cir. 2000); *James v. Cain*, 56 F.3d 662, 666 (5th Cir. 1995)).

Malone makes no claim that he did not understand the charges that he faced or the consequences of his plea. And he does not assert that he was coerced into pleading guilty. So there is no basis for this Court to contravene the trial court's finding that Malone entered a knowing and voluntary guilty plea.

In rejecting Malone's allegation that his trial counsel, Ray Jackson, misadvised Malone that temporary insanity was not a legal defense, the trial court found otherwise as a matter of fact. The trial court credited Jackson's sworn testimony – which Jackson submitted in an affidavit – that he explained to Malone that, though temporary insanity was a defense under the law, the facts of Malone's crime would make that defense nearly impossible to prove. *See* Dkt. No. 20-1 at 126, 28 (finding Jackson's sworn testimony credible and finding – as a matter of fact – that "trial counsel did not tell Mr. Malone that an insanity defense was not allowed, but rather advised him that it was not a viable defense given the facts of the case."); *see also id.* at 359 ("I told him as far as proving temporary insanity, one difficulty is the problem of proof.").

The trial court's credibility determination – on which the CCA ultimately denied Malone's IAC claim – as to this factual finding is entitled to deference under AEDPA. *See Pippin v. Dretke*, 434 F.3d 782, 792 (5th Cir. 2005) ("A trial court's credibility determinations made on the basis of conflicting evidence are entitled to a strong presumption of correctness and are 'virtually unreviewable' by the federal courts." (quoting *Moore v. Johnson*, 194 F.3d 586, 605 (5th Cir. 1999))).   And Malone has not carried his burden to overcome that factual finding. Thus he is entitled to no relief on

his claim that Jackson provided erroneous legal advice and so misled Malone into an unknowing or involuntary plea.

Malone also claims that Jackson was ineffective when he failed to (1) conduct a thorough investigation and to interview Malone's children, who would have disputed the State's allegation that he was a controlling husband; (2) file a motion to reduce Malone's bail; (3) seek a court-ordered psychological evaluation; (4) request a bench trial, so as to preserve the issue for appellate review; (5) object to the jury panel on the basis of racial composition and the jurors' beliefs about rehabilitation versus prison; (6) "come to see [Malone] in jail until 90 days had past," causing Malone to forfeit any challenge to the grand jury array; (7) inform the jury that Malone could prove that the victim had committed perjury in the past, that the victim's sister was once married to Malone's brother and had used drugs extensively, and that Malone was taking medication during his trial, which might have altered the emotions that he displayed; and (8) explain to Malone that he had the right to seek a new trial. *See* Dkt. No. 3 at 6-8. Malone further claims that Jackson improperly "testified" to the jury about Malone's mental state and misadvised him that the jury could not be instructed on the charge of attempted murder. *See id.* at 8.

Because Malone entered a knowing and voluntary plea, his nonjurisdictional challenges to his conviction are waived. *See, e.g., Scott v. Wainwright*, 698 F.2d 427, 429 (11th Cir. 1983) ("Once a plea of guilty has been entered, nonjurisdictional challenges to the conviction's constitutionality are waived, and only an attack on the voluntary and knowing nature of the plea can be sustained." (citing *McMann v.*

-13-

*Richardson*, 397 U.S. 759 (1970); *Bradbury v. Wainwright*, 658 F.2d 1083, 1087 (5th Cir. Oct. 1981))).

But, to the extent that Malone's claims are not waived, and that he properly exhausted each claim in his state habeas proceedings – meaning those claims are not procedurally defaulted – Malone has not shown that he is entitled to federal habeas relief. As set out above, the state habeas court obtained an affidavit from Jackson. *See* Dkt. No. 20-1 at 359-360. That court then developed a record and made credibility determinations, choosing to credit Jackson's sworn testimony. *See id.* at 128. The trial court's determination that Jackson was credible – on which the CCA denied Malone's IAC claims – makes it even more difficult for Malone to obtain Section 2254 relief as to these claims. *See Dretke*, 434 F.3d at 792.

The undersigned has reviewed the state habeas court's findings and conclusions as to the IAC claims, *see See* Dkt. No. 20-1 at 125-131, and, because not one amounts "to an unreasonable application of *Strickland* or an unreasonable determination of the evidence," *Garza v. Stephens*, 738 F.3d 669, 680 (5th Cir. 2013) (citing 28 U.S.C. § 2254(d)(1)-(2)), Malone is not entitled to relief on his claims that Jackson provided constitutionally ineffective assistance.

II.  <u>Ineffective Assistance of Appellate Counsel [Ground 2]</u>

Malone also claims that his appellate counsel, April E. Smith, rendered constitutionally ineffective assistance by (1) failing to investigate the case, (2) failing to inform Malone of his right to seek a new trial, and (3) by briefing issues of unpreserved trial error on appeal. *See* Dkt. No. 3 at 8. He also claims that, because Smith

refused to mail him a copy of the trial transcripts, she certified to the appellate court "incorrect testimony that denied [Malone] the opportunity to seek prosecutorial vindictiveness as a grounds for appeal." *See id.*; *see also* Dkt. No. 4 at 8 ("In my appeal for justice, I will detail how the appellate attorney did not verify the court records with me and certified them to be true as a result of her ineffective counsel.").

The *Strickland* standard applies to allegations of ineffective assistance of appellate counsel. *See Smith v. Robbins*, 528 U.S. 259, 285 (2000) ("the proper standard for evaluating [a] claim that appellate counsel was ineffective ... is that enunciated in *Strickland*" (citing *Smith v. Murray*, 477 U.S. 527, 535-36 (1986))). To establish that Smith's performance was deficient, Malone must show that she was objectively unreasonable in failing to find an arguable issue on appeal. *See Robbins*, 528 U.S. at 285. And to establish prejudice, he must show a reasonable probability that he would have prevailed on appeal but for counsel's deficient performance. *See id.*; *see also Carmell v. Davis*, 707 F. App'x 295, 296 (5th Cir. 2017) (per curiam) (noting that "actual prejudice" is demonstrated by "a 'reasonable probability' that he would have prevailed on appeal.").

Smith filed with the habeas court a comprehensive affidavit, responding to Malone's allegations. *See* Dkt. No. 20-1 at 588-590. She detailed her communications with Malone – including the 14 letters that she wrote to him. She also explained to the court how she had relayed to Malone the reason for the delay in obtaining the trial transcript (the court reporter had not yet prepared it) and why she could not mail him a copy of it. *See id.* at 589. She also explained why she advised Malone that he should

present his claims of ineffective assistance of trial counsel in his state habeas application, not on direct appeal. *See id.* at 589. In rejecting Malone's claims that Smith was constitutionally ineffective, the trial court found Smith credible, and it rejected Malone's arguments under *Strickland*'s framework. *See id.* at 132.

Therefore, this Court's review is doubly deferential. *See, e.g.*, *Carmell*, 707 F. App'x at 296 ("Review of the state court's application of the *Strickland* standard is "doubly" deferential when § 2254(d) applies, as it does in this case."). And Malone has failed to show that the state court's ruling denying his ineffective assistance of appellate counsel claim "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Richter*, 562 U.S. at 103.

Malone has also failed to establish prejudice stemming from appellate counsel's alleged deficiencies. He has identified no "solid, meritorious" argument that Smith failed to present on direct appeal. Malone does note that, because Smith did not send him the transcript of his sentencing proceedings, she failed to raise a claim of "prosecutorial vindictiveness" – apparently predicated on the prosecutor's closing argument, *see* Dkt. No. 3 at 8; *see also* Dkt. No. 4 at 14 ("By not verifying the record with appeal client, the attorney was ineffective as the client can not prove prosecutor misconduct or the actions of the prosecution asking for additional punishment for extraneous offenses."). The undersigned has reviewed the transcript of the prosecutor's closing argument, *see* Dkt. No. 20-1 at 553-58, and rebuttal argument, *see id.* at 570-76. That transcript reveals no grounds for a meritorious appellate claim of

"vindictiveness," and Malone has failed to show a reasonable probability that he would have prevailed on such a claim had Smith raised it on direct appeal. Therefore, the Court should deny his claim that his appellate attorney was constitutionally ineffective.

## Recommendation

The Court should deny the application for a writ of habeas corpus.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: September 17, 2018

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE